# NO. 12-07-00229-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAMON T. WILSON,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Damon T. Wilson appeals his conviction for aggravated sexual assault of a child and indecency with a child. After finding him guilty, the jury assessed punishment at imprisonment for twenty-five years and twenty years, respectively. In his sole issue, Appellant contends he was denied a fair sentencing hearing. We affirm.

### BACKGROUND

A jury found Appellant guilty of aggravated sexual assault of a child and one count of indecency with a child. Evidence was presented in the sentencing phase and the court allowed a break before arguments. While the jury was still out of the courtroom, the trial judge stated on the record that he received a note from the jury foreman that Appellant's wife confronted one of the jurors during the last break. The judge asked Mrs. Wilson whom she talked to. She denied talking to anyone on the jury. The judge said he would take up the matter later but announced he would instruct the jury that they should not take into consideration anything they heard during recess or consider "anybody they talked to." The judge then asked the parties, "Anything else need to be

done?" Counsel for the State and counsel for Appellant both responded, "No, Your Honor." Both sides then reviewed the court's written charge to the jury, which did not mention the incident involving Mrs. Wilson, and neither side had any objections to the charge.

When the jury was brought back to the courtroom, the judge made the following statement:

> I'm going to acknowledge receipt of the note that your presiding juror gave to me about a confrontation during the break. I'll deal with that later. Right now I'll give you the instruction that you should not let that play any part in your deliberations during this phase of the case, and totally disregard that, and that should not have any affect [sic] on your deliberations or what appropriate punishment you have. I will deal with that at a later time.

Counsel presented their arguments, and the jury deliberated and returned with its verdict. The trial court read the verdict and then asked counsel for both sides if they needed to raise "anything before the jury is discharged." Counsel for both sides said "no." The court pronounced the sentences found by the jury. The court then ordered Mrs. Wilson to appear at a hearing to be held in three days and show cause why she should not be held in contempt for confronting a juror. Before discharging the jury, the court asked the prosecutor to speak to the jurors about the incident.

### SENTENCING PHASE

In his sole issue, Appellant contends the trial court erred in not declaring a mistrial or conducting a hearing to inquire as to whether interaction between Mrs. Wilson and a juror would affect the juror's deliberation or decision. He argues that the juror was allowed to consider evidence that was not introduced in open court or subject to cross examination. Further, he complains that the trial court gave only an oral instruction to the jury, rather than a written instruction concerning the incident. Therefore, he contends, he was denied a fair sentencing trial.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the grounds for the ruling sought. *See* TEX. R. APP. P. 33.1. The trial court gave Appellant the opportunity to raise these complaints, and any others, at trial. Instead of presenting these complaints to the trial court, Appellant specifically stated on the record that nothing more needed to be done about the matter of his wife's interaction with a juror. As a result, Appellant has waived his complaints. *Id.* We overrule Appellant's sole issue.

2

## DISPOSITION

We *affirm* the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)